IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>TEK CORPORATION, a Utah corporation; THOMAS J. ROBBINS; DOUGLAS L. LISTER; CLAIR W. COX; and RICHARD C. BYBEE,<br><br>    Defendants. | ORDER FOR SUPPLEMENTAL BRIEFING<br><br><br><br>Case No. 2:05-CV-00107 PGC |

    The Securities and Exchange Commission has moved the court to order that funds presently in the court's registry be disbursed to the SEC. These funds consist of money collected by the SEC to satisfy a judgment obtained against the defendants in this case. The court is unable to grant the SEC's motion at this time — the court finds it necessary for the SEC to further brief the issue.

    The SEC bases its argument, in large part, on the impracticability of distributing to investors the funds collected. The $6,140 collected so far, claims the SEC, would give investors such a nominal amount, the cost of distribution outweighs the benefit to the investors. According to the SEC, this impracticability makes it appropriate for the court to disburse funds to the SEC, rather than to the defrauded investors.

While the SEC's argument may be plausible, the SEC has cited only one case in support of its premise — *SEC v. Courtious.*[1] And this case, at first glance, appears to be distinguishable from the situation before the court. For example, the instructions applicable to the fund in *Courtious* specifically contained a provision allowing for payment of the fund to the U.S. Treasury in the event that it became impracticable or infeasible to distribute. Based on this language, as well as the inability to identify the individuals who were to be reimbursed and the nominal nature of the distribution, the Southern District of New York determined disbursement of the money to the individuals would be impracticable.[2]

In contrast, in this matter, the SEC has so far made no showing that it is unable to identify the defrauded investors. In addition, no express provisions governing the money collected from the defendants allow for payment to the SEC in the event of the impracticability of distribution to investors. Moreover, it is not clear to the court that the amount collected is so minimal as to warrant this approach. While $6,040 is certainly minimal in light of the judgment amount, the amount is hardly trifling.

The court, therefore, orders the SEC to brief the following issues:

(1) How many investors have been identified and specifically why it would be impracticable to distribute the collected funds to any identified investors. The complaint indicates that over one hundred investors were defrauded. Presumably, some of the detailed information in the complaint came from investors who have been identified.

---

[1] 1985 U.S. Dist. LEXIS 20845, Fed. Sec. L. Rep. (CCH) ¶ 92,000 (SDNY Apr. 11, 1985).

[2] *See id.* at *3.

(2) What funds the SEC anticipates collecting in the foreseeable future. The SEC has collected $6,040 in the seven months since this court entered judgment. Does the SEC predict similar collections in the future? And on what does it base its predictions?

(3) What the feasibility is of placing the defendants on a payment plan — for instance, a plan allowing them to make small, regular payments to the court's registry. Also, what the feasibility is of collecting the judgment by means such as garnishing the defendants' wages or income in similar, small, regular amounts.

(4) What the feasibility is of setting a trigger amount for disbursing funds, such that if the SEC collected the trigger amount in the future, it would distribute all money collected to investors. For example, if in two years, the SEC collected $25,000, it would distribute the funds to the investors. If, however, the SEC never managed to collect that amount, no such distribution would be necessary.

The court orders the SEC to submit a brief addressing all of these issues by February 28, 2007.

SO ORDERED.

DATED this 30th day of January, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge